**Clyde L. SISCO, Plaintiff,**

v.

**J. S. ALBERICI CONSTRUCTION COMPANY, INC., Defendant.**

**No. 77–810C(C).**

United States District Court, E. D. Missouri, E. D.

March 1, 1978.

**18**

Chackes & Hoare, St. Louis, Mo., for plaintiff.

Samuel C. Ebling, St. Louis, Mo., for defendant.

## MEMORANDUM

MEREDITH, District Judge.

This matter is before the Court on defendant's motion to dismiss Count III of plaintiff's second amended complaint for failure to state a claim upon which relief can be granted. For the following reasons defendant's motion will be sustained.

This suit was filed originally on July 27, 1977, after plaintiff had received a right-to-sue letter from the Equal Employment Opportunity Commission. Plaintiff contends, as a white male ironworker, that he was discharged from defendant's employ because of race.

█ Count I is a claim for damages under 42 U.S.C. § 1981. Count II is a claim under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq. Count III, which was later added by amendment, alleges the actions of defendant were, in fact, the actions of the Federal Government because defendant was awarded a Government contract to construct a post office in St. Louis, Missouri. Plaintiff alleges defendant fired him for exercise of speech protected by the First Amendment to the Constitution of the United States, and without procedural protections of due process guaranteed by the Fifth Amendment.

█ The Court will dismiss Count III of plaintiff's second amended complaint for lack of Federal action. It is clear that private action, vis-a-vis state action, is immune from the equal protection restrictions of the Fourteenth Amendment. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974), *Shelley v. Kraemer*, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1948).

This same reasoning carries over to rights protected from infringement by the Federal Government under the First and Fifth Amendments. There must be a finding of "Federal action". *Junior Chamber of C. of K. C., Mo. v. Missouri St. J. C. of C.*, 508 F.2d 1031 (8th Cir. 1975).

█ In order to conclude there has been Federal action, the complainant must show that there is a "sufficiently close nexus between the State and the action of the

regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Junior Chamber*, supra, at page 1033, citing *Jackson v. Metropolitan Edison Co.*, supra, 419 U.S. 351, 95 S.Ct. 453.

■ Plaintiff cites the following criteria in support of a finding of Federal action: the construction was on Federal land; the construction contract was let by the Government and funded wholly by the Government; and the defendant profited from the contract. It is difficult to conceive of a Government project that would not be built on land either owned or leased by the Government. In addition, the Government has a right to "monitor" construction just like any other party who has contracted for work.

The purpose of a motion to dismiss under Rule 12(b)(6), F.R.C.P., for failure to state a claim upon which relief can be granted is to test the sufficiency of the statement of the claim for relief. Even construing the complaint in a light most favorable to the plaintiff, this count of plaintiff's complaint must be dismissed for lack of Federal action. There is no doubt that plaintiff can prove no set of facts in support of Count III which entitled him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Accordingly, Count III will be dismissed.